# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN JOSEPH REIGLE,** | : | **CIVIL NO. 1:CV-11-0052** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **RALPH REISH, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Nathan Joseph Reigle filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 2, 2009, in the United States District Court for the Eastern District of Pennsylvania. At the time, he was an inmate confined at the State Correctional Institution at Chester, Pennsylvania. On November 30, 2009, Reigle's application to proceed <u>in forma pauperis</u> was granted, and the Clerk of Court in the Eastern District was directed to docket the complaint and provide a copy to the United States Marshal for service upon the named Defendants. (Doc. No. 4.) In addition, the Eastern District Court directed that the Clerk attempt to appoint counsel for Reigle from the prisoner civil rights panel to facilitate the fair and expeditious resolution of this case.[1] Counsel was appointed on July 12, 2010, and Plaintiff was granted leave to file an amended complaint.[2] (Doc. No. 8.) The matter currently proceeds on the amended complaint filed on September 7, 2010, which raises claims under the First, Eighth and Fourteenth Amendments against employees at the Northumberland County Prison ("NCP"), Reigle's former place of confinement. (Doc. No. 14 .) The Defendants named in the amended complaint are as

---

[1] It appears that the Eastern District Court made a sua sponte decision to attempt to secure counsel as no request for the appointment of counsel appears on the docket.

[2] The appointment was to remain in effect until otherwise amended or revoked by court order.

follows: Ralph Reish, Warden; Mary Jo Christiano, Mental Health Counselor; Dr. Hynick; Nurse Patty and Lieutenant James Smink. On January 7, 2011, the case was transferred to this Court on the basis of improper venue in the Eastern District, and has proceeded here since that time. Presently pending Plaintiff's motion for leave to file a second amended complaint (Doc. No. 59) and a motion to withdraw as counsel filed by Reigle's appointed attorney (Doc. No. 62). For the reasons that follow, the motion to amend will be denied and the motion to withdraw will be granted.

**I.      Relevant Background**

In the amended complaint Reigle sets forth allegations with respect to incidents occurring at the Northumberland County Prison during two separate periods of incarceration there. He was first confined at NCP from January 12, 2007 through August 28, 2007. Following his release from prison, he was again confined there from April 15, 2008 until June of 2008, following a parole violation. During these periods of confinement, he raises claims with respect to the psychiatric, dental and general medical conditions he experienced. He also sets forth claims of retaliation.

On October 3, 2011, the Court granted in part and denied in part a motion to dismiss the amended complaint filed by Defendant Hynick. (Doc. No. 47.) The motion was granted to the extent that all Eighth Amendment medical care claims for the denial of psychiatric care up until August 24, 2007, were dismissed as barred by the statute of limitations. The motion was further granted in that the retaliation claim against Hynick was also found to be barred by the statute of limitations. The motion was denied in all other respects. In this Memorandum, the Court also granted in part and denied in part a motion to dismiss filed by Defendants Reish, Christiano and

Smink. The motion was granted in so far as the Eighth Amendment medical claims raised against Christiano and Reish during Reigle's first period of incarceration with respect to the denial of psychiatric care were dismissed as barred by the statute of limitations. The motion was further granted in that all retaliation claims against Reish and Smink were also found to be time-barred. The motion was denied in all other respects. Defendant Smink was dismissed from the action. The parties were directed to file an answer with respect to all claims remaining in the amended complaint. On October 7, 2011, an answer was submitted by Defendant Hynick. (Doc. No. 49.) On October 13, 2011, Defendants Christiano and Reish filed their answer. (Doc. No. 50.) A scheduling order was thereafter imposed setting forth deadlines for the completion of discovery and the filing of dispositive motions. (Doc. No. 51.) These deadlines have been enlarged on several occasions at the request of the parties.

On September 14, 2012, Plaintiff filed a motion seeking leave to file a second amended complaint. (Doc. No. 50.) This motion is fully briefed. Shortly thereafter, counsel for Plaintiff filed a motion seeking to withdraw as his attorney. (Doc. No. 62.) This motion is also fully briefed. An unopposed motion to stay discovery pending the resolution of the motion to withdraw was subsequently granted by the Court. (Doc. No. 67.) The Court will now address the motions pending on the docket.

**II. Discussion**

    A.     Motion for Leave to File a Second Amended Complaint

Plaintiff has filed a motion seeking leave to file a second amended complaint in this action. (Doc. No. 59.) Attached to the motion is the proposed amended complaint. (Doc. No. 59-1.) Plaintiff files a short brief in support of his request, and provides the following three

3

reasons for seeking to amend: (1) to amplify the factual allegations set forth in the first amended complaint; (2) to correct apparent factual inaccuracies in the first amended complaint that have been revealed through discovery; and (3) to dismiss claims relating to the denial of medical care for MRSA and scabies. He claims that leave to amend should be freely given and that no additional discovery will be necessitated by the filing of a second amended complaint.

Leave to amend pleadings is generally at the discretion of the trial court, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), and shall be given when justice so demands. Fed. R. Civ. P. 15(a). Typically, "even when [a] plaintiff does not seek leave to amend his complaint ... unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 245 (3d Cir. 2008). A court, however, may decide to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." <u>Foman</u>, 371 U.S. at 182 (1962).

In the instant case, Defendants oppose the filing by Plaintiff of a second amended complaint on several grounds. In the original complaint, Plaintiff set forth claims alleging the denial of psychiatric treatment, medical treatment for MRSA and scabies, and dental care during two periods of incarceration in Northumberland County Prison. When granted leave to file an amended complaint, the same claims were set forth with the assistance of counsel on September 7, 2010. Discovery began following the grant in part and the denial in part of Defendants' motion to dismiss the amended complaint. After receiving responses to discovery requests,

Defendants requested Plaintiff's counsel to withdraw his claims regarding MRSA, scabies and dental care in that they are "wholly unsupported by the record." (Doc. No. 61, Defs.' Br. at 3.) Counsel for Plaintiff disagreed. Thereafter, Plaintiff's deposition was conducted. During the course of the deposition, he was presented with the medical records that Defendants believe clearly undermine some of his claims. Defendants claim that one of Plaintiff's purposes in seeking to file a second amended complaint, as evidenced by the submitted proposed second amended complaint, it to address the discrepancies between the propr filings and the evidentiary record by eliminating certain claims from the complaint. Defendants maintain that if Plaintiff wishes to voluntarily withdraw certain claims, then he can certainly do so, but that the filing of a second amended complaint for that purpose is inappropriate and merely an attempt to conceal false information.

Moreover, Defendants point out that the proposed second amended complaint does not identify any additional parties or set forth any new theories of liability. As such, they argue that it serves no useful purpose. Defendants are already on notice as to the causes of action pled against them, and have been defending those claims and conducting discovery for months.

In reviewing the documents before the Court, Defendants arguments are well-taken. It appears that the main goal in submitting a second amended complaint is to eliminate claims. If this is Plaintiff's intent, it can be accomplished far easier by moving to withdraw such claims and it would be far less disruptive and cause no delay in the litigation of this matter. Furthermore, while Plaintiff seeks to "amplify" his factual allegations, the claims set forth provide a basis for the claims alleged without the need to include further details. Any amendment for these purposes at this stage of the litigation would be both futile and inequitable.

5

For these reasons, the motion for leave to file a second amended complaint will be denied.

        B.        Motion to Withdraw as Counsel for Plaintiff

Also pending on the docket is the motion by Dilworth Paxson for leave to withdraw as counsel for Plaintiff Reigle pursuant to Rule of Professional Conduct 1.16(b)(4). (Doc. No. 62.) In support of the motion, counsel for Plaintiff states that Plaintiff's deposition was adjourned on June 21, 2012 by defense counsel to permit Plaintiff an opportunity to secure documents following his upcoming release from prison on August 31, 2012. Following his release, Plaintiff's counsel states that counsel and Plaintiff fundamentally disagreed upon the course of action to be taken in this case, and have been unable to resolve this disagreement such that the withdrawal of counsel is appropriate. Counsel for Plaintiff and Plaintiff are in agreement that withdrawal is appropriate. (Doc No. 63 at 2.) Counsel for Plaintiff notes that while Defendants Reish and Christiano offered not to formally oppose this motion, they also do not concur in it.

Defendants Reish and Christiano, as well as Defendant Hynick, have filed responses to the motion to withdraw filed by Reigle's counsel. (Doc. Nos. 64, 65.) In reviewing these submissions, the main concern appears to be the preference of dealing with a represented party as opposed to a pro se litigant. Concern has also been raised by Defendants Reish and Christiano with respect to the timing of the motion to withdraw following the postponement of discovery to allow Plaintiff to provide evidence that he has exhausted his administrative remedies under the Prisoner Litigation Reform Act – documents he claimed were being held at his girlfriend's house and could be obtained following his release from prison. According to Reish and Christiano, counsel for Plaintiff notified them on September 19, 2012 that Reigle had located the documents following his release, and would be producing the documents to Defendants. No such

6

documents have been provided.  Defendants state that if the documents had been produced, they could file a motion for summary judgment.

Rule of Professional Conduct 1.16(b)(4) permits a lawyer to withdraw from a representation if "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement."  The decision to grant an attorney's motion to withdraw is within the discretion of the court.  See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999); LaGrand v. Steward, 133 F.3d 1259, 1269 (9th Cir. 1998).  Considerations when ruling upon a motion to withdraw include the potential prejudice to all parties involved and the potential disruption to the administration of justice.

In the instant case, while counsel for Plaintiff never specifically states what the basis of the fundamental disagreements are that exist between Dilworth Paxson and Plaintiff, the fact remains that disagreements exist that are unable to be resolved with respect to the course of action to be taken in the case.  More importantly, Plaintiff agrees that the withdrawal of his counsel is appropriate.  While the Court certainly understands the preference of Defendants to deal with an opposing party that is represented by counsel as opposed to a pro se litigant, this concern does not outweigh in terms of importance the basis for withdrawal.  In addition, the Court points out that Plaintiff is no longer confined in prison and should have more flexibility in litigating this action now that he is released.  Further, the action proceeds on the first amended complaint and a good part of the discovery in this action has taken place.  The Court will allow a period of thirty (30) days for Plaintiff to seek substitute counsel if he so desires, or he can choose to litigate the remainder of this action on his own.  Thereafter, a short period of discovery will be imposed wherein Defendants will have the opportunity to formally request and obtain the

documents they desire, and thereafter the parties can file any appropriate dispositive motions. For these reasons, the motion to withdraw as counsel for Plaintiff will be granted, and the Clerk of Court will be directed to make the appropriate notation to the docket. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN JOSEPH REIGLE, | : | CIVIL NO. 1:CV-11-0052 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| RALPH REISH, et al., | : | |
| Defendants | : | |

# ORDER

**NOW, THIS 22nd DAY OF August, 2013,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion for leave to file a second amended complaint (Doc. No. 59) is **denied**.

2. Dilworth Paxson's motion for leave to withdraw as counsel (Doc. No. 62) is **granted**. The Clerk of Court is directed to make the appropriate notation to the docket. Plaintiff will be afforded thirty (30) days within which to seek substitute counsel if he so desires. Upon the expiration of this time period, a new discovery and dispositive motions deadline will be imposed.

                                              S/ Yvette Kane
                                              YVETTE KANE, Chief Judge
                                              Middle District of Pennsylvania