## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN JOSEPH REIGLE,** | : | **CIVIL NO. 1:CV-11-0052** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **RALPH REISH, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Nathan Joseph Reigle ("Plaintiff") on September 2, 2009, in the United States District Court for the Eastern District of Pennsylvania. The matter was transferred to this Court on January 7, 2011. Presently pending before the Court for consideration are Plaintiff's motions for the appointment of counsel (Doc. Nos. 79, 91) and Defendants' motions to compel the production of documents (Doc. Nos. 72, 78). Also appearing on the docket are Defendants' motions for summary judgment. (Doc. Nos. 81, 84.) For the reasons that follow, the motions for counsel will be denied without prejudice, and the motions to compel will be granted. The motions for summary judgment will be denied, without prejudice to renew and supplement, following Defendants' receipt and review of the outstanding discovery documents.

**I.    Background**

At the time Plaintiff initiated this action he was an inmate confined at the State Correctional Institution at Chester, Pennsylvania. While the matter was pending in the Eastern District, Plaintiff was appointed counsel.[1] An amended complaint was filed that now serves as

---

[1] It does not appear that any formal motion for counsel was filed by Plaintiff. Rather, the Eastern District Court made a <u>sua sponte</u> decision and directed the Clerk of Court to attempt to

the standing complaint in this action. (Doc. No. 14.) The complaint raises claims under the First, Eighth and Fourteenth Amendments against employees at the Northumberland County Prison ("NCP"), Plaintiff's former place of confinement. The named Defendants are as follows: Ralph Reish, Warden; Mary Jo Christiano, Mental Health Counselor; Dr. Hynick; Nurse Patty; and Lieutenant James Smink.[2] Plaintiff sets forth allegations with respect to incidents occurring at NCP during two separate periods of incarceration there. The first confinement was from January 12, 2007 through August 28, 2007. Following Plaintiff's release, he was again confined there from April 15, 2008 until June of 2008, after a parole violation. During these periods of confinement, Plaintiff claims he was denied psychiatric, dental and general medical care, and subjected to retaliation.

On October 3, 2011, the Court granted in part and denied in part a motion to dismiss the amended complaint filed by Defendant Hynick. (Doc. No. 47.) The motion was granted to the extent that all Eighth Amendment medical care claims for the denial of psychiatric care up until August 24, 2007, and the retaliation claim were dismissed as time-barred. The motion was

---

appoint counsel from the prisoner civil rights panel stating that "[g]iven the complexity of his claims, appointing counsel for Reigle would facilitate the fair and expeditious resolution of this matter." (Doc. No. 4 at 4.)

[2] It does not appear that Defendant "Nurse Patty" has been properly served with the complaint in this action. In the original complaint she was designated as "Jane Doe Nurse," an employee at NCP during the incidents alleged in the complaint. In the amended complaint she was identified as "Nurse Patty." In the summons she was identified as "Nurse Patty Wosniak." When the executed summons was filed with the Court, it indicated that Wosniak was "personally served" at NCP to the extent that "M. Shelinsky" signed for the complaint on Wosniak's behalf. (Doc. No. 21.) However, the Marshal's Service noted that Wosniak was not emplyed at NCP at the time of service. Rather, she was working in the Medical Department at SCI-Coal Township.
  Because service was not proper and no appearance has been entered on said Defendant's behalf, the Marshal will be directed to re-serve this Defendant at SCI-Coal Township, her last known place of employment.

denied in all other respects. In this Memorandum, the Court also granted in part and denied in part a motion to dismiss filed by Defendants Reish, Christiano and Smink. The motion was granted to the extent that the Eighth Amendment denial of psychiatric care claims against Christiano and Reish occurring during Plaintiff's first period of incarceration were dismissed as time-barred. All retaliation claims alleged against Reish and Smink were also found to be barred by the statute of limitations.[3] The motion was denied in all other respects.

On October 7, 2011, Defendant Hynick filed an answer to the claims remaining against him. (Doc. No. 49.) Defendants Christiano and Reish filed their answer on October 13, 2011. (Doc. No. 50.) A discovery deadline was imposed, but was thereafter enlarged on several occasions at the request of the parties. On November 5, 2012, an unopposed motion to stay discovery was granted pending the Court's resolution of a motion to withdraw filed by counsel for Plaintiff. Thereafter, the motion to withdraw was granted and a new scheduling order imposed. (Doc. Nos. 68, 71.) During this time period, Plaintiff moved for the appointment of new counsel and Defendants filed motions to compel documents. An updated scheduling order was issued enlarging the previously imposed deadlines, and directing the completion of discovery due by January 8, 2014. Dispositive motions were due by February 8, 2014. Motions for summary judgment were thereafter submitted by Defendants prior to the dispositive motions deadline, and Plaintiff filed a second motion for the appointment of counsel on February 21, 2014.[4] With this procedural backdrop, the Court will now address Plaintiff's motions for counsel

---

[3] Because the only claims set forth against Defendant Smink were found to be time-barred, he was dismissed from this action.

[4] In filing their motions for summary judgment, Defendants reference the fact that their motions to compel are pending before the Court and, as such, they were unable to rely on them when filing their dispositive motions by the deadline imposed by the Court.

and Defendants' motions to compel documents.

## II. Discussion

### A. Motions for counsel

Although Plaintiff initiated this action pro se, as set forth above the Eastern District Court determined that the appointment of counsel would facilitate the resolution of the case given the complexity of the claims alleged. (Doc. No. 4 at 4.) Counsel represented Plaintiff through the resolution of Defendants' motions to dismiss and into the discovery phase of the case. In ruling on the motions to dismiss, a number of Plaintiff's claims were determined to be barred by the statute of limitations. Counsel was also present at Plaintiff's deposition on June 21, 2012. Prior to completion, the deposition was suspended to permit Plaintiff to obtain documents relevant to his claims that he stated were stored at his girlfriend's house. Because Plaintiff was scheduled to be released from prison in a few months, he agreed to obtain the documents and provide them to his counsel to supply to Defendants.

In September of 2012, Plaintiff's counsel informed the defense that Plaintiff was unable to locate the documents. He thereafter filed a motion to withdraw as counsel pursuant to Rule of Professional Conduct 1.16(b)(4) because "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." (Doc. No. 63.) Plaintiff agreed that withdrawal was appropriate. On August 22, 2013, the court granted the motion to withdraw, and Plaintiff was afforded thirty (30) days to seek substitute counsel if he so desired. Upon the expiration of this time period, new discovery and dispositive motions deadlines would be imposed. (Doc. No. 68.) On September 24, 2013, counsel for Defendants Christiano and Reish advised the Court that Plaintiff had been re-arrested, and was again

confined at the Northumberland County Prison. (Doc. No. 70.) On September 27, 2013, a new scheduling order was issued. (Doc. No. 71.) In November of 2013, Plaintiff's continued deposition was conducted. The scheduling dates previously imposed were later extended due to difficulty Defendants were experiencing in obtaining the documents promised by Plaintiff at his deposition, and the filing by Defendants of the pending motions to compel. All discovery was to be completed by January 8, 2014, and any dispositive motions filed within thirty (30) days thereafter. (Doc. No. 80.)

Plaintiff has filed two motions seeking the appointment of counsel. (Doc. Nos. 79, 91.) In the motions, he claims that he is unable to afford an attorney, is limited by his confinement, lacks sufficient library time, requires expert testimony for his trial, and is under pressure to oppose Defendants's pending summary judgment motions.[5]

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Barham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26

---

[5] Plaintiff also states that at one point he thought Attorney Michael Trimmer might take his case, but then he "lost [the] whereabouts" of this attorney. The Court notes that Attorney Trimmer has never entered his appearance on behalf of Plaintiff in this matter.

(3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Plaintiff's case has arguable merit in law and the facts, particularly in light of the fact that Defendants' motions to dismiss were denied, in part.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

In evaluating these factors, the Court is cognizant of the initial determination made by the Eastern District that this matter involves complex claims and that representation on behalf of Plaintiff would be helpful. (Doc. No. 4 at 4.) However, since that time, circumstances have changed including the paring down of the claims in this action following resolution of the motion to dismiss, and the withdrawal of the appointed counsel due to fundamental disagreements with Plaintiff regarding the handling of this case. More importantly, as will be more fully discussed below, Plaintiff is now in possession of documents that Defendants have requested that may significantly reduce the claims remaining in this action due to his failure to

exhaust administrative remedies. He has yet to produce these documents to Defendants, and they are the subject of the pending motions to compel. Following the production of the documents, and any supplementation by Defendants of their motions for summary judgment, the Court could then revisit the issue of appointment of counsel upon a properly filed motion by Plaintiff.[6]

In addition, based upon Plaintiff's filings since the withdrawal of his counsel, he appears capable of proceeding pro se, at least at this juncture of the proceedings. While many of the above factors warranting the appointment of counsel may at a later time indicate that the assistance of counsel is necessary, at this stage of the proceedings such is not the case. In fact, many of Plaintiff's immediate concerns are related to trial. Such concerns are premature at this time, particularly in light of the exhaustion arguments raised by Defendants. For these reasons, the pending motions for counsel will be denied without prejudice at this time.

### B. Motions to compel documents

Defendant Hynick filed a motion to compel Plaintiff to produce documents that Plaintiff referenced and agreed to produce during his deposition conducted on June 21, 2012. (Doc. 78, Ex. A.) Plaintiff was represented by counsel at the time. The deposition was suspended to allow Plaintiff to retrieve the documents from his girlfriend's house following his scheduled release from prison. Following his release, counsel for Plaintiff emailed defense counsel stating that Plaintiff was unable to locate the documents. Plaintiff's counsel thereafter withdrew from the action.

---

[6] The Court would also be remiss if we did not note our concern over the fact that Plaintiff was initially provided with counsel to assist him, and that counsel found it necessary to withdraw representation due to fundamental disagreements with Plaintiff over the litigation of this action.

On November 5, 2013, following Plaintiff's re-arrest and confinement, the continuation of Plaintiff's deposition took place. Plaintiff testified that his former counsel's email was incorrect, and that Plaintiff did have access to the documents sought by Defendants. He stated there existed five (5) boxes of documents, and that they were in the possession of his girlfriend, his mother, and an attorney who had recently reviewed his file, but declined to represent him. The boxes contain documents that are relevant to the issues in this case and include request slips, medical records, and documentation of conversations concerning Plaintiff's alleged lack of medical and mental health care.

Defendants Reish and Christiano have filed a motion to compel with respect to documents sought in a Request for Production of Documents pursuant to Fed. R. Civ. P. 34 served on October 9, 2011. (Doc. No. 72). In Request #13, Defendants sought documents demonstrating that Plaintiff had exhausted his administrative remedies under the Prisoner Litigation Reform Act. During Plaintiff's first deposition, he informed Defendants that the documents requested were at his girlfriend's house, and would be produced upon his release. Prior to his withdrawal, counsel for Plaintiff informed Defendants that Plaintiff had recovered the documents and would produce them. Thus far, the documents have not been provided to Defendants. Based upon Plaintiff's testimony in his continued deposition conducted on November 5, 2013, it appears that he does have possession of the documents. In the pending motion to compel, Defendants maintain that the documents are necessary to establish Defendants' defense that Plaintiff has failed to exhaust his administrative remedies.

Pursuant to Fed. R. Civ. P. 37, parties may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(3). "Parties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense ...." Fed. R. Civ. P. 26(b)(1). Matters relating to discovery are generally left to the discretion of the trial court. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

It is clear that the documents sought by Defendants are relevant to the issues remaining in this case. They speak to the issue of exhaustion of Plaintiff's claims, as well as the medical care he received while confined at NCP. Moreover, Plaintiff previously agreed to produce the documents, and was counseled at the time. He also has not filed any briefs in opposition to Defendants' motions to compel. For these reasons, the motions to compel will be granted, and Plaintiff directed to produce all documents responsive to Defendant Reish and Christiano's Document Request No. 13 regarding exhaustion documents (Doc. No. 73-1 at 10), as well as the documents he agreed to produce during the course of his deposition (copies of grievances, inmate request slips, and medical records pertaining to treatment during his incarceration at NCP) (Doc. No. 78-2 at 3-5).[7] Defendants' motions for summary judgment will be denied without prejudice to renew and supplement following their receipt and review of the documents. An appropriate

---

[7] The motion to compel filed by Defendant Hynick concerns documents that were requested orally during the course of Plaintiff's deposition, rather than pursuant to a formal written Request for the Production of Documents under Fed. R. Civ. P. 34. Regardless, discovery rules are to be liberally construed and this Court has found that an oral request for documents made at a party's deposition may be sufficiently formal for purposes of Rule 37(a) if the parties were aware of what documents are involved. See Dixon v. Cappellini, 88 F.R.D. 1, 2 (M.D. Pa. 1980). In the instant case, Defendants became aware of the documents at Plaintiff's counseled deposition. Plaintiff and his counsel agreed to obtain the documents and to provide copies to defense counsel. Following the deposition, correspondence was exchanged between the parties with respect to providing the documents to Defendants. Moreover, Plaintiff has not challenged the fact that he was not served with a formal Request for the Production of Documents by Defendant Hynick or filed any opposition to Hynick's motion to compel.

order follows.