IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN JOSEPH REIGLE, | : | |
| Plaintiff | : | CIVIL NO. 1:11-CV-00052 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| RALPH REISH, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Nathan Joseph Reigle ("Plaintiff") initiated the instant case by filing a civil rights complaint pro se against several officers and employees of the Northumberland County Prison ("NCP"). For the reasons set forth below, the case will be dismissed for failure to prosecute.

### I.     Relevant Background

On September 9, 2009, at that time a prisoner incarcerated at the NCP, filed a complaint pro se in the Eastern District of Pennsylvania against various prison officers and staff, alleging several civil rights violations under 42 U.S.C. § 1983 related to his medical treatment. (Doc. No. 5.) On July 12, 2010, counsel was appointed for Plaintiff, and on September 7, 2010 counsel filed an amended complaint. (Doc. Nos. 8, 14.) On January 5, 2011, the case was transferred to this court after a determination that venue would be proper in this district. (Doc. No. 27.)

On October 3, 2011, this court granted in part and denied in part Defendants' motion to dismiss the amended complaint. (Doc. No. 47.) On September 14, 2012, after a period of discovery, Plaintiff filed a motion for leave to file a second amended complaint in order to "amplify" certain factual allegations, "correct apparent factual inaccuracies," and withdraw certain claims. (Doc. No. 60 at 1.) On October 2, 2012, before this court ruled on the motion for

1

leave to amend, Plaintiff's counsel moved to withdraw as counsel.  (Doc. No. 62.)  In support of this motion, Plaintiff's counsel explained that, during a deposition of Plaintiff, defense counsel requested that Plaintiff provide certain documents regarding his exhaustion of administrative remedies, which Plaintiff stated he could obtain after being released from prison.  (Doc. No. 63 at 1–3.)  After Plaintiff was released on August 31, 2012, a "fundamental" disagreement arose between Plaintiff and his counsel as to the proper course of action to take, and Plaintiff's counsel stated they were unable to resolve this disagreement.  (Id. at 2; see also Doc. No. 64 at 1–2.)  Discovery was stayed until this motion was resolved, and this court ultimately granted counsel's motion to withdraw and denied Plaintiff's motion to file a second amended complaint.  (Doc. Nos. 67, 68.)

On September 20, 2013, Approximately one month after this court granted Plaintiff's counsel leave to withdraw, counsel wrote to this court to inform it that he was unable to contact Plaintiff.  (Doc. No. 69.)  On September 24, 2013, Defendants wrote to this court confirming that Plaintiff had been re-incarcerated at the Northumberland County Prison.  (Doc. No. 70.)  On September 27, 2013, this court then reopened the discovery period, and shortly thereafter Defendants Cristiano and and Reish filed a motion to compel Plaintiff to produce the aforementioned documents.  (Doc. Nos. 71, 72.)  On November 11, 2013, Defendant Hynick filed a motion to compel Plaintiff to produce five boxes of documents that he had testified about in a recent deposition, which were supposed to include the same documents that had been previously requested.  (Doc. No. 78.)  Defendants later moved for summary judgment, arguing in part that Plaintiff was apparently unable to produce the necessary documents to show that he had exhausted his administrative remedies.  (Doc. Nos. 81, 84.)

On August, 8, 2014, this court granted Defendants' motions to compel discovery and denied Defendants' motions for summary judgment without prejudice to their ability to renew those motions. (Doc. No. 98.) This court also noted that Defendant Wosniak appeared to have never been properly served, and ordered service upon that Defendant. (Id.) Since that time, Defendants have renewed their motions for summary judgment, arguing in part that Plaintiff has still not produced the requested documents. (Doc. Nos. 103, 107.) Defendant Wosniak also filed a motion for judgment on the pleadings. (Doc. No. 115) Plaintiff has not filed a brief in opposition to any of these motions.

On February 6, 2015, counsel for Defendant Hynick informed this court that Plaintiff was released from the Northumberland County Prison without informing Defendants or this court of his new address. (Doc. No. 118.) On March 27, 2015, counsel for Defendant Hynick informed this court that they remained unable to reach Plaintiff, and Plaintiff has still not informed the court of his current whereabouts. (Doc. No. 119.)

For the reasons set forth below, this court will now dismiss this action for failure to prosecute.

**II.** **Discussion**

District courts are authorized to dismiss a complaint if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). A district court may dismiss a complaint on motion by a defendant or sua sponte. See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). The decision whether to dismiss a case for failure to prosecute is left to the discretion of the district court, though dismissal is considered a "drastic

sanction." Id. (quoting Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867–68 (3d Cir. 1984)).

District courts must examine the following six factors to determine whether the drastic sanction of dismissal is warranted in a given case:

1) the extent of the party's personal responsibility;
2) prejudice to the adversary;
3) a history of dilatoriness;
4) whether the party's conduct was willful or in bad faith;
5) the efficacy of alternative, lesser sanctions;
6) meritoriousness of the claim.

Poulis, 747 F.2d at 868. These factors clearly weigh in favor of dismissing the present action.

First, Plaintiff had sole responsibility for the instant litigation after his attorney withdrew on August 22, 2013. See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992). Second, Plaintiff's repeated delays and failure to adequately respond to discovery requests have prejudiced Defendants in this action by prolonging the litigation. See Poulis, 747 F.2d at 868. Third, Plaintiff has established a history of dilatoriness through his repeated delays in responding to discovery requests (see Doc No. 108 at 11–13 (describing the repeated requests and delays)) and his refusal to participate in a deposition after his counsel withdrew (See Doc. No. 76). Fourth, it appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Plaintiff has offered no explanation for his continuing inability to produce the requested documents, despite his repeated statements that he would be able to obtain them. Fifth, no lesser sanction would be effective in this situation, as this court would be incapable of imposing a lesser sanction without knowledge of Plaintiff's whereabouts. See Lear v. Dehaus, Civ. A. No. 03-1156, 2006 WL 1508667 (May 30, 2006, W.D. Pa.); see also Krieger v. Russell, 286 F.R.D. 261, 263 (D. Del. 2012) ("Because plaintiff proceeds pro se and in forma pauperis, it

is doubtful that monetary sanctions would be effective.").

Finally, the sixth factor does weigh somewhat against dismissal. Under the Poulis test, this court must judge the merits under the same standard as used for a Rule 12(b)(6) motion to dismiss. See Poulis, 747 F.2d at 869–70. Because Plaintiff's remaining claims survived a motion to dismiss, they necessarily pass this test. However, the weight of this factor is also mitigated by the cogent arguments Defendants have made in their motions for summary judgment, and Plaintiff has failed to respond to any of these arguments. See Krieger, 286 F.R.D. at 263 (dismissing civil rights complaint where the record did not support plaintiff's claims).

### III.   Conclusion

Plaintiff's repeated delays of the discovery process, combined with his prolonged failure to notify this court of his whereabouts, has forced this court to consider whether to dismiss the instant case for failure to prosecute. After a consideration of the Poulis factors, it is clear that such dismissal, while a drastic sanction, is warranted. An appropriate order will issue.